USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1851  MATILDE VAZQUEZ-MORALES, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ ________________________ appellant. Guillermo Gil, United States Attorney, Maria Hortensia Rios- ______________ _______________________ Gandara, Assistant United States Attorney, and Wayne G. Lewis, _______ ________________ Assistant Regional Counsel, Social Security Administration, on brief for appellee. ____________________ February 27, 1996 ____________________ -2- Per Curiam. We have carefully reviewed the record ___________ on appeal and the parties' briefs. The judgment of the district court is affirmed for the reasons stated in its order and in the report and recommendation of the magistrate judge which the order adopted. We add only two comments.  1. Claimant argues that the ALJ's finding that she can walk and sit for an hour each day is not supported by ___ substantial evidence because the Medical Advisor (MA) testified to the contrary at the hearing. We disagree. Although the MA first stated that claimant "must not work standing or walking," he later clarified this by stating that she could spend, in an eight-hour day, "[o]ne hour walking or one hour standing." Although confusing, it seems to us, first, that the MA's bottom line is that claimant can walk and stand for one ___ hour during an eight hour day. We think that claimant's focus on the use of the word "or" in the last quote is hypertechnical. Second, there is other evidence in the record -- the two residual functional capacity assessments -- which indicates that claimant can walk and stand for six ___ hours per working day. Finally, claimant submitted no evidence of her own to show the impact of her condition on her ability to function. 2. In the same vein, claimant's assertion that the Vocational Expert (VE) described a secretarial job as -2- requiring "indefinite" periods of walking and standing is not supported by the record. The VE was describing the general requirements of such work and was not assigning times to the various activities. The judgment of the district court is affirmed. ________ See 1st Cir. R. 27.1. ___ -3-